```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
UNITED STATES OF AMERICA,           :
                                    :    No. 08 Cr. 1175 (JFK)
     - against -                    :
                                    :    **Memorandum**
DEWITT SWAIN,                       :    **Opinion & Order**
CARLOS R. PEREZ, and                :
ALVIN BANKS                         :
               Defendants.          :
-----------------------------------X
```
**JOHN F. KEENAN, United States District Judge:**

The Superseding Indictment filed in this matter on March 25, 2009 charges Dewitt Swain ("Swain"), Carlos R. Perez, and Alvin Banks with, among other things, conspiracy to commit bank fraud and access device fraud. Defendant Swain, proceeding pro se with the assistance of a legal advisor, filed two motions on October 15, 2009, seeking dismissal on the respective grounds that (1) there were errors in the grand jury proceedings in violation of Rule 6 of the Federal Rules of Criminal Procedure, and (2) the criminal conspiracy statute under which he is charged, 18 U.S.C. § 371, is unconstitutional. With respect to the former motion, Swain argues in the alternative to dismissal, that he is entitled under Rule 6 to inspect the list of qualified grand jurors that returned the Superseding Indictment.

### A. Motion to Dismiss for Violations of Rule 6

"The grand jury proceeding is accorded a presumption of regularity, which generally may be dispelled only upon

particularized proof of irregularities in the grand jury process." United States v. Mechanik, 475 U.S. 66, 75 (1986). "[A]s a general matter, a district court may not dismiss an indictment for errors in grand jury proceedings unless such errors prejudiced the defendants." Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988); United States v. Torres, 901 F.2d 205, 233 (2d Cir. 1990). Dismissal is appropriate, therefore, only when "'it is established that the violation substantially influenced the grand jury's decision to indict,' or if there is 'grave doubt' that the decision to indict was free from the substantial influence of such violations." Bank of Nova Scotia, 487 U.S. at 256 (quoting Mechanik, 475 U.S. at 78).

Defendant is not entitled to dismissal. He objects generally to the secrecy of grand jury proceedings and questions whether the grand jury foreperson signed the Indictment or recorded the number of grand jurors that voted to indict him as required by Rule 6.[1] See Fed. R. Crim. P. 6(c) (requiring the grand jury foreperson to "sign all indictments" and to "record the number of jurors concurring in every indictment"). The Superseding Indictment indeed was signed by the jury foreperson in this matter and there is no indication that the foreperson

---

[1] The Court is mindful of Defendant's pro se status and thus it construes his papers liberally to raise the strongest arguments they suggest. See Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

2

failed to properly record the number of grand jurors that voted to indict the Defendant. Even assuming that Defendant's allegations were true, noncompliance with these technical requirements would not carry the level of prejudice necessary to warrant dismissal. See Hobby v. United States, 468 U.S. 339, 345 (1984) ("[T]he foreman's duty to sign the indictment is a formality, for the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment."); United States v. Willaman, 437 F.3d 354, 361 (3d Cir. 2006) (holding that the failure of the grand jury foreperson to sign the indictment was a "mere technical deficiency" which did not "raise an issue entitling him to relief").

To the extent that Defendant argues that less than twelve grand jurors voted to indict him, Defendant has no evidence of this fact and his unsupported speculation does not warrant dismissal.

Neither is Defendant entitled to review the record of juror names or any other grand jury material. Rule 6(e)(2) provides that, subject to certain exceptions, grand jury proceedings are to be held in secret. The Court may direct the disclosure of information regarding the grand jury proceedings, however, in a manner it finds appropriate, "at the request of a defendant who shows that a ground may exist to dismiss the indictment because

of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). A defendant seeking disclosure under this Rule must "show a 'particularized need' that outweighs the need for secrecy." United States v. Moten, 582 F.2d 654, 662 (1978) (quoting Dennis v. United States, 384 U.S. 855, 868 (1966)). Therefore, "review of grand jury minutes is rarely permitted without specific factual allegations of government misconduct." Torres, 901 F.2d at 233.

Defendant argues, without conceding that the juror names were in fact recorded, that disclosing the identity of the jurors who voted to indict him is necessary to ensure that the grand jury proceedings were held in compliance with Rule 6. This generalized allegation of an irregularity in the grand jury process, without any supporting evidence, is far from the "particularized need" required to outweigh the need for secrecy. See United States v. Dunn, No. 05 Cr. 127, 2005 WL 1705303, at *3 (S.D.N.Y. July 19, 2005) ("[G]eneral and unsubstantiated assertions are insufficient to meet the stringent standard that a party must show a particularized need for such materials." (quotation and modification omitted)); United States v. Ferrara, 990 F. Supp. 146, 153 (E.D.N.Y. 1998) ("The strong presumption of regularity in grand jury proceedings cannot be outweighed by purely conclusory or speculative allegations of misconduct.").

Accordingly, Defendant's motion is denied.

B. **Motion to Dismiss the Conspiracy Count as Unconstitutional**

Swain also moves to dismiss the Indictment on the ground that 18 U.S.C. § 371 is unconstitutional in that the statute "eliminates the presumption of innocence," "eliminates any vestige of independence left to the grand jury," "violates the separation of powers," and "violates Due Process." (Def. Mem. at 2, 5, 8, 9). Section 371 has been part of our judicial system since 1867 and "has repeatedly been held constitutional." United States v. Heck, 499 F.2d 778, 788 (9th Cir. 1974), cert. denied, 419 U.S. 1088; see, e.g., United States v. Edwards, 458 F.2d 875, 883 (5th Cir. 1972) (rejecting an argument that the conspiracy statute is unconstitutional as "clearly without merit" and "unworthy of comment"); Abrahamson v. United States, No. 03 Civ. 4677, 2004 WL 885830, at *3-4 (S.D.N.Y. Apr. 26, 2004) (finding § 371 constitutional, rejecting arguments to the contrary rooted in Due Process and the First Amendment).

Defendant's conclusory arguments provide no basis for the Court to depart from these holdings and the long-standing application of the conspiracy statute, and therefore his motion is denied.

SO ORDERED.
Dated:    New York, New York
          January 5, 2010

JOHN F. KEENAN
United States District Judge

5